UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDDIE BAKER,

        Petitioner,

  v.                                               Case No. 09-C-936

JUDY SMITH,

        Respondent.

**ORDER**

On September 29, 2009, Eddie Baker filed this petition pursuant to 28 U.S.C. § 2254,[1] asserting that his state court conviction and sentence were imposed in violation of the Constitution. Baker is currently incarcerated at Oshkosh Correctional Institution, but the petition does not indicate the details of his conviction.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

---

[1] While the petition invokes 28 U.S.C. § 2241, based upon the petition it appears that Baker is in the custody pursuant to a *judgment* of a Wisconsin court, which means the petition is properly brought under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ( § 2254 is the vehicle for prisoners in custody pursuant to the judgment of a state court, but not those in state custody for some other reason, such as preconviction custody; in the latter case, § 2241 remains available).

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Baker has filed a twenty page petition, which is actually a brief, along with an additional twenty pages of attachments. In his papers Baker appears to argue that Wis. Stat. § 939.05(2), Wisconsin's "party-to-a-crime" statute, is unconstitutional. However, he has failed to comply with Civil Local Rule 9.1, which requires that petitions for habeas relief "must be on forms supplied by the Court."

Consequently, Baker's petition is dismissed with leave to amend. Baker may file an amended petition in this action within thirty days; if he does so, his petition must comply with the Local Rules.

**SO ORDERED** this   3rd   day of October, 2009.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge